79,089-03

NO. 10,886-B

| | | |
|---|---|---|
| EX PARTE | )( | IN THE 21ST DISTRICT COURT |
| | )( | OF |
| VICTOR GLENN HAMILTON. | )( | BURLESON COUNTY, TEXAS. |

## MEMORANDUM

This Court finds that there is no necessity for a fact-finding hearing because there is ample evidence in the record to rule on the relief sought. This Court also finds that the assertions contained in the State's answer are correct and recommends that the relief requested be denied.

## ORDER

1. The Court directs the Clerk of this Court to file these findings and transmit them along with the Writ Transcript to the Clerk of the Court of Criminal Appeals as required by law.

2. The Clerk of the Court is ordered to send a copy of this order to the Applicant, and to send a copy of this order to the Burleson County District Attorney's Office.

SIGNED AND ENTERED this 19TH day of November, 2015.

_____
JUDGE PRESIDING

FILED 1:50pm
DATE 11·19·15
**Dana Fritsche**
District Clerk, Burleson County
By_____

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 17 2015

Abel Acosta, Clerk

Attn: Able Acosta, Clerk                                    12/14/15

On 12 Nov. 2015 recived letter of reciept that your Writ of Habeas Corpus has been recieved and delivered to the Burleson County District Attorney. On 19 Nov 2015 recieved MEMORANDUM: relief requested denies, transmit findings along with writ Transcipt to the Court of Criminal Appeals (no response). 17 Nov 2015 recieved State's reply to Petiontion for writ of Habeas Corpus. Writ of Habeas corpus: Withheld evidence in violation with Brady, suppression of evidence such as to violate right to fair trial. I still today have no knowledge. Depending on the drug and the amount, the penalty can be anything from 6 months in county jail to life in prison. Evidence was never disclose before, during or after trial. Recieved 20 years Delivery of a Controlled Substance X2. Prosecutor (DA) still; withheld evidence at trial, and continues to suppress evidence to determine, aggregate weight, including adulterants, or dilutants to support conviction. In Francis v State 890 S.W. 2d pg 513 (Tex. App - Amarillo 1994) [7] When delivery is by actual or Constructive transfer, the substance must be proved to be a controlled substance. Due process is violated when the prosecution knowingly presents materially false evidence to obtain a Conviction. The prosecution has a duty to disclose exculptory evidence in its possession or control when the evidence may be material to the outcome of the case. On 3 June 1993, ORDER OF RESTITUTION was ordered to pay $420. to the Dept of Public Safety P.O. Box 4087 Austin TX 78733. Description Analysis Vol M-35 page 388. Also was denied same analysis on 24 Apr. 2014 Crime Labratory Service - Motion for Discovery Denied 23 Mar 2015. Hamric v U.S. 386 F 2d 390 (1). alledged suppression of evidence such as to violate th right to a fair trial. Knowinly use false evidence were both litigated. Fact that discovery abuse violates constitutional gaurantees and mis representation erode faith that justice is achievabl e. Bartko v State 728 F. 3d. 327 Abuses by prosecutors which have resulted in untold numbers of compromised trials, sentences and wrongful convictions. "Michael Morton Act" & "favorable" evidence and not merely "exculpatory" evidence is required to be disclosed under Brady requirements. Signed May 16, 2013 Gov. Rick Perry. Need Court of criminal Appeals reciept # 10,886-B. Victor Hamilton 645972